### WESTERN UNION TELEGRAPH COMPANY v. THOMAS BELL.

Decided December 19, 1900.

**Telegram—Cotton Purchase—Damages.**

In order to show that damage resulted to plaintiff from so incorrectly transmitting his telegram to his agent as to authorize and cause the purchase by the latter of cotton at a higher price than the market warranted, it was necessary to allege, either that the cotton could and would have been bought for less but for the mistake, or that it had been sold for less than was paid, or was still on hand and worth less.

APPEAL from the County Court of Brown. Tried below before Hon R. P. CONNER.

*Arch. Grinnan,* for appellant.

KEY, ASSOCIATE JUSTICE.—This is a suit against the Western Union Telegraph Company for damages alleged to have resulted from the failure to properly transmit and deliver a cipher telegram. According to the averments of the petition, the plaintiffs, Thomas Bell and H. T. Williams, were engaged in the business of buying and selling cotton under the firm name of Thomas Bell, in Brownwood, Texas, and maintained numerous branch offices, with local agents in charge, in the surrounding territory, one of which was at Comanche, Texas, the local agent there being John R. Day.

The gist of the complaint is that on October 12, 1899, the market value of cotton in Comanche and surrounding territory was $6.25 per 100 pounds, on a basis of middling cotton; that on said day appellant's agent at Brownwood, for a consideration then paid, agreed and undertook to transmit and deliver to the plaintiffs' agent, Day, at Comanche, Texas, a cipher message, the importance of which was known to said agent of the telegraph company, and which message authorized Day to buy cotton at the price and on the basis above stated; that said agent had previously been offered a large quantity of cotton on a basis of $6.42 per 100 pounds, and on said day had telegraphed the fact of such offer to appellees, and asked for instructions; that the message delivered by the appellees to the agent of appellant at Brownwood was not properly transmitted, and as delivered to Day at Comanche, it

authorized him to purchase cotton on the basis offered; that thereupon Day purchased for appellees 120,455 pounds of cotton at $6.42 per 100 pounds; and also purchased 26,932 pounds at $6.36 per 100 pounds; that he paid 17 cents per 100 pounds above the market value of the first lot, and 11 cents per 100 pounds above the market value of the second lot, thereby entailing a loss to appellee of $204.75 on the first and $29.60 on the second lot of cotton so purchased.

The petition does not allege that if the telegram had been properly transmitted to Day he could have purchased the cotton at a lower price, nor does it show when or for how much appellees sold the cotton. In fact, there is no averment in the petition that appellees had sold the cotton, and they may have owned it at the time of the trial, in so far as their petition discloses.

The defendant interposed several special exceptions to the petition, one of which was because it does not appear therefrom when or for how much the plaintiffs sold the cotton; and the action of the court in overruling this exception is assigned as error.

We think the court erred in not sustaining this exception. In fact, the petition is radically and perhaps fundamentally defective, because it fails to show that the plaintiffs had sustained any loss. It is a matter of common knowledge that the price of cotton fluctuates; and while a broker may pay more for cotton than the market price on that particular day, yet he may subsequently sell the same cotton for more than he paid for it; and in such case he would sustain no loss by reason of the fact that he paid more than the market price for the cotton. However, if he could show that by reason of the wrongful conduct of some other person he was prevented from buying the cotton at its market value, then it would inevitably follow that he had lost the difference between the market price and the price paid for the cotton, regardless of the profit at which he might sell it. But in this case, the petition not having alleged that if the message had been properly transmitted the cotton could and would have been bought at a less price than that paid for it, it was essential, in order to show that loss had been sustained, to allege the price at which the cotton was sold, or that it was still owned by the plaintiffs and was not worth as much as they paid for it.

The assignments presenting other questions are overruled; but for the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*